### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                              CRIMINAL NO.  1:06CR116
                                              (Judge Keeley)


ELEANOR WALKER,

        Defendant.


### ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
### RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED


On February 12, 2007, defendant, Eleanor Walker, appeared before United States Magistrate Judge John S. Kaull and moved this Court for permission to enter a plea of GUILTY to the one-count Amended Information. The defendant stated that she understood that the Magistrate Judge is not a United States District Judge, and consented to pleading before the Magistrate Judge. This Court had referred the guilty plea to the Magistrate Judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

The Magistrate Judge accepted the defendant's waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. Since the offense charged in the Information naming the defendant is punishable by a term of imprisonment of greater than one year, the Magistrate Judge questioned the defendant to

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED**

determine if her waiver of prosecution by indictment was freely given in a sober and knowledgeable fashion.

The Magistrate Judge then advised the defendant of the nature of the charges made in the Information, and inquired whether the defendant had read and reviewed the Information with counsel. Defendant waived the reading of the Information.

Next, the Magistrate Judge summarized the defendant's rights to proceed by a Grand Jury indictment and  explained that she has a constitutional right to proceed by an indictment, and that the United States is able to charge her by Information only by waiving this right. The Magistrate Judge explained the Grand Jury process to the defendant:  that to charge her with an offense a Grand Jury must find probable cause that she committed the offense; that the Grand Jury is composed of at least 16 and not more than 23 persons; and that at least 12 of the grand jurors must find that probable cause exists to so charge her.

The defendant stated that she understood that she had a right to proceed by indictment by a Grand Jury, and that by waiving this right, the United States could proceed to charge her with the Information just as though she had been indicted.

The defendant then signed a Waiver of Indictment in open court, and the Magistrate Judge ordered that the Waiver be filed.

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
## RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED

Based upon the defendant's statements during the plea hearing and the testimony of Sergeant Joe Adams, the Magistrate Judge found that the defendant was competent to enter a plea, that the plea was freely and voluntarily given, that the defendant was aware of the nature of the charges against her and the consequences of the charges against her and the consequences of her plea, and that a factual basis existed for the tendered plea. On February 13, 2007, the Magistrate Judge entered an order finding a factual basis for the plea and recommended that this Court accept the plea of guilty to the one-count Amended Information.

The Magistrate Judge also directed the parties to file any written objections to the report and recommendation within ten (10) days after service of the report and recommendation. The Magistrate Judge further directed that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the report and recommendation.

The parties did not file any objections. Accordingly, this Court finds that the Magistrate Judge's recommendation should be **AFFIRMED** and **ACCEPTS** the plea of guilty to the one-count Amended Information.

The Court **ADJUDGES** the defendant GUILTY of the crime charged in the one count Amended Information. Pursuant to Fed. R. Crim. P. 11(c)(3)(A) and U.S.S.G. § 6B1.1(c), acceptance of the proposed

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED**

plea agreement and stipulated addendum to the plea agreement, is **DEFERRED** until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 <u>et seq</u>., it is hereby **ORDERED** that:

1.    The Probation Officer shall undertake a presentence investigation of **ELEANOR WALKER** and prepare a presentence report for the Court;

**2.    The Government and the defendant are to provide their versions of the offense to the Probation Officer by March 19, 2007;**

3.    The presentence report is to be disclosed to the defendant, defense counsel, and the United States on or before **April 19, 2007**; however, the Probation Officer is directed not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(b)(6)(A);

4.    Counsel shall file **WRITTEN OBJECTIONS** to the presentence report and may file a **SENTENCING MEMORANDUM** that evaluates sentencing factors the parties believe to be relevant under 18 U.S.C. § 3553(a) (including the sentencing range under the advisory Guidelines) and explains any proposed sentence, on or before **May 3, 2007;**

5.    The Probation Officer shall submit to the Court the presentence report with addendum on or before **May 17, 2007**; and

6.    Sentencing is set for **May 29, 2007** at **9:30 a.m.**

USA v. ELEANOR WALKER                                    1:06CR116

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED**

8.    The Court placed defendant on an unsecured personal recognizance bond in order to ensure her appearance before this Court at such times and places as the Court may direct with the standard conditions of bond.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record, the defendant and all appropriate agencies.

DATED: March 1, 2007

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

5